BUTTS, Justice
(concurring in part and dissenting in part).
I concur with the majority’s affirmance of the finding of liability against Doyle Bryant and its affirmance of the award of compensatory damages for the violation of a consent judgment relating to business activity in competition with his brother, Dalton Bryant. However, I respectfully dissent from the majority’s affirmance of the trial court’s denial of Doyle Bryant’s motion for a remittitur of the punitive damages award. The majority affirms a $225,838 punitive damages award against Doyle Bryant and the other two defendants. Even if Bryant ultimately pays only one-third of that award, that amount would represent 12% of his net worth; that exceeds the 10% level noted by this Court in its final opinion in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala.1997), as possibly marking the line between punishment and destruction. Moreover, if the other two defendants were to enter into pro tanto settlements with the plaintiff for sums less than their proportionate share of the punitive damages award, or otherwise failed to pay that share, then Bryant could be made to pay the entire remainder of the punitive damages award. Thus, it is possible that Bryant would have to pay the majority of the $225,838 punitive damages award, from a net worth of only $620,000.
In Sheffield v. Andrews, 679 So.2d 1052 (Ala.1996), this Court affirmed a $1 million punitive award against Willie Sheffield, who had been found to have conspired to defraud 91-year-old Lillian Andrews out of a parcel of real property. At most, Sheffield’s net worth was $1,220,300. Thus, this Court affirmed a punitive damages award against an Alabama citizen that represented 82% of his net worth. I dissented, stating that a remit-titur of the punitive damages was warranted and that a punitive award of $350,000 would have been sufficient punishment for Sheffield. Although the $350,000 figure for punitive damages I thought appropriate punishment for Sheffield’s misconduct also crosses the 10% line noted in BMW, supra, Sheffield was decided before BMW, and Sheffield’s misconduct against an elderly woman was exceptionally reprehensible and justified greater punishment than 10% of his net worth.
The majority’s affirmance of the substantial punitive awards in this case and in Sheffield, when compared to other recent cases where this Court has remitted punitive damages awards, see Talent Tree Personnel Services, Inc. v. Fleenor, 703 So.2d 917 (Ala.1997); American Pioneer Life Ins. Co. v. Williamson, 704 So.2d 1361 (Ala.1997); Ford Motor Co. v. Sperau, 708 So.2d 111 (Ala.1997); Life Ins. Co. of Georgia v. Johnson, 701 So.2d 524 (Ala.1997), seems to indicate that this Court has been inconsistent in its review of punitive damages awards.
I would reverse the trial court’s denial of Doyle Bryant’s motion for a remittitur of the punitive damages award and remand this cause for the trial court to take into consideration in a new Hammond-Green Oil[2] hearing all the factors set forth by this Court in BMW, supra, which had not yet been released when the trial court issued its judgment.
MADDOX, J., concurs.

. Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).